IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETE WHITE ,

            Plaintiff,
vs.                                                                                   CIVIL NO.  06-279 JH/LFG

RONALD LICHT, JR.
and JONATHON O'NEIL,

            Defendants.

## RECOMMENDATION FOR DEFAULT JUDGMENT
## AND DISMISSAL OF COUNTERCLAIM[1]

THIS MATTER is before the Court *sua sponte*. The undersigned magistrate judge proposes to sanction Defendants by entry of a default judgment against them, as well as dismissal of their counterclaim, as a result of Defendants' non-compliance with obligations imposed by the Federal Rules of Civil Procedure and non-compliance with the orders and directives of this Court. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

On April 7, 2006, Plaintiff filed a Complaint for damages against Defendants for alleged fraud [Doc. 1].  On May 4, 2007, Defendants Ronald Licht, Jr. and Jonathon O'Neil were required to attend a telephonic Fed. R. Civ. P. 16 status conference.  On the date and at the time of the scheduled conference, Plaintiff was present through counsel, Richard Feferman.  Neither Defendant appeared, as the contact numbers were not in service.  When the Court called another number provided by Mr. Feferman, the Court received a voice mail and left a message.

---

[1] Within ten (10) days after a party is served with a copy of this recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the recommendation.  Therefore, if no objections are filed by June 11, 2007, no appellate review will be allowed.

On May 7, 2007, the Court entered an Order to Show Cause [Doc. 32] directing Defendants Licht and O'Neil to submit a response and supporting affidavit stating why Rule 16 sanctions, including a default judgment against them on the Complaint, should not be entered as a result of their failure to appear for the Rule 16 conference.

The Court directed Defendants to file their responses and affidavits no later than May 21, 2007. The Court's order provided, "Failure to respond to the Court's Order to Show Cause will result in imposition of sanctions, including dismissal of Defendants' counterclaim and entry of a default judgment against them." Notwithstanding this directive, neither Defendant complied by filing a response or supporting affidavit. Defendants' conduct in failing to appear for court hearings and in failing to comply with Court orders and directives is sanctionable.

Under Ehrenhaus v. Reynolds, 965 F.2d at 910-21, as well as Meade v. Grubbs, 841 F.2d 1512, 1520-21 (10th Cir. 1988), the Court is required to consider a number of factors in determining the appropriate and just sanction. Those factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance of the consequences that could occur; and, (5) the efficacy of lesser sanctions. It is with these factors in mind that the Court determines the appropriateness of a sanction in this case.

### Degree of Actual Prejudice to Opposing Party

Plaintiff Pete White is entitled to have this case resolved within the time limits established by the district's Civil Justice Expense and Delay Reduction Plan. This Plan was promulgated following the congressional enactment of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, to ensure that cases are brought to a just, speedy and economical conclusion within a specified amount of time. In this case, the process has virtually come to an end as Defendants are no longer participating in the

2

litigation process. They failed to telephonically appear for the Rule 16 status conference and failed to respond to the Court's orders and directives.

It is unknown whether the Defendants have made their mandatory Rule 26(a)(1) disclosures. Thus, even at the present date, months after mandatory disclosures should have been made, the Court is without information from the Defendants from which it can determine whether they complied with their obligations. Defendants have not filed any certificate of compliance. Delay equates to increased costs, and, as a result, the Court finds that Defendants' failure to comply with their obligation to appear for hearings or to respond to the Court's show cause order causes prejudice to Plaintiff. The Court concludes that Plaintiff has been and will continue to be disadvantaged as a result of Defendants' non-compliance.

### Amount of Interference With the Judicial Process

Defendants' non-compliance will, of necessity, require the Court to modify its case management plan. This means that the case will not be brought to a conclusion within the time originally contemplated. Moreover, Defendants' failure to appear for the status conference, and failure to respond to the Court's most recent Order to Show Cause requires the Court to reschedule conferences and to devote time in an effort to bring about compliance. This all interferes with effective case management and, essentially, brings the litigation to a halt.

The Court concludes that Defendants' failure to comply with their obligations and with Court orders and directives causes interference with the judicial process.

### Culpability of the Litigants

If non-compliance with Court orders and directives is the fault of an attorney, then the attorney is the proper party to suffer a sanction. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984) (if the fault lies with the attorneys, that is where the impact of the sanction should be

3

lodged); *see also* M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 (10th Cir. 1987).

In this case, Defendants represent themselves. Thus, they bear all of the culpability for their non-compliance.

## **Warning of Possible Sanctions**

The Court must next consider whether it gave a prior warning concerning the consequences that may befall Defendants. *See, eg.*, Willner v. Univ. of Kansas, 848 F.2d 1023, 1030 (10th Cir. 1988), *cert. denied*, 488 U.S. 1031 (1989).

No warning was given earlier to the Defendants that sanctions, including an entry of a default judgment or striking of their counterclaim, would be entered if they failed to appear for a hearing. However, the Court gave this specific warning to Defendants in its Order to Show Cause. The Order states:

> Defendants Licht and O'Neil are directed to show cause by way of written response and supporting affidavit why Rule 16 sanctions, including a default judgment against them, should not be entered as a result of their failure to appear for a Rule 16 status conference. *See* Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).
>
> The responses and supporting affidavits should be filed with the Court no later than May 21, 2007. Failure to respond to the Court's Order to Show Cause will result in imposition of sanctions, including dismissal of Defendants' counterclaim and entry of a default judgment against them.

(Doc. 32, p. 2).

The Court concludes that Defendants were specifically put on notice that their failure to respond to the Court's Order to Show Cause would result in imposition of sanctions, and that the Court clearly advised Defendants of the sanctions that would be imposed. Thus, Defendants were previously warned in accord with Willner v. Univ. of Kansas.

4

### **Efficacy of Lesser Sanctions**

Notwithstanding the Court's Order to Show Cause and directive that failure to comply with Court orders could result in imposition of sanctions, including dismissal of their counterclaim and entry of a default judgment against them, Defendants failed to comply. They neither sought nor obtained any extension of time within which to respond, nor have they given any explanation as to why they failed to attend the Rule 16 status conference. Under these circumstances, the Court has no optimism that Defendants would comply with future directives if a lesser sanction was imposed and Defendants were given a further opportunity to litigate.

### **Recommendation**

After considering the Ehrenhaus and Meade factors, the Court recommends that the appropriate sanction is entry of a default judgment against Defendants on Plaintiff's Complaint, as well as dismissal of Defendants' counterclaim with prejudice.

Should the Court adopt this recommended disposition and enter a default judgment, the Court will set a hearing to determine Plaintiff's damages.

*(signature)*
Lorenzo F. Garcia
Chief United States Magistrate Judge